ORIGINAL

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2017 AUG 24 PM 3:44

DEPUTY CLERK _____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:16-CR-479-N |
| DONALD RAY BROUSSARD (10) | |

## FACTUAL RESUME

In support of Donald Ray Broussard's plea of guilty to the offense(s) in Count(s) One of the indictment, Broussard, the defendant, Jeffrey Grass, the defendant's attorney, and the United States of America (the government) stipulate and agree to the following:

## ELEMENTS OF THE OFFENSE

To prove the offense alleged in Count One of the indictment, charging a violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C) and (b)(1)(E), that is, conspiracy to distribute a controlled substance, the government must prove each of the following elements beyond a reasonable doubt:[1]

*First.* That two or more persons, including the defendant, reached an agreement to possess with the intent to distribute a mixture and substance containing a detectable amount of hydrocodone, a Schedule II/III controlled substance, as charged in the indictment;

*Second.* That the defendant knew of the unlawful purpose of the agreement; and

*Third.* That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose.

---

[1] Fifth Circuit Pattern Jury Instruction 2.95 (5th Cir. 2015).

Factual Resume—Page 1

The elements of possession with intent to distribute a controlled substance, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and (b)(1)(E) are as follows:[2]

*First.* That the defendant knowingly or intentionally possessed hydrocodone as charged in the indictment;

*Second.* That the substance was in fact hydrocodone; and

*Third.* That the defendant possessed the substance with intent to distribute it.

## STIPULATED FACTS

Donald Ray Broussard admits and agrees that beginning at least as early as ~~September 2013~~ *November 2013* [DB], the exact date being unknown, and continuing through on or about ~~October 8, 2015~~ *August 2014* [DB], in the Dallas Division of the Northern District of Texas ~~and elsewhere~~ *and only* [DB], he did knowingly, intentionally, and unlawfully combine, conspire, confederate, and agree with persons both known and unknown, including John Christopher Ware and Stanley James, Jr., to distribute and dispense both scheduled and non-scheduled controlled substances, through various "pill mills." Broussard knew that the prescriptions for the controlled substances had not been issued for a legitimate medical purpose by a medical practitioner acting in the usual course of professional practice. All in violation of 21 U.S.C. § 846, the penalty for which is found at 21 U.S.C. § 841(a)(1) and (b)(1)(C) and (b)(1)(E).

1. During the time of this conspiracy, Stanley James and/or John Christopher Ware employed Broussard at the Redbird Family Medical Clinic, and Arlington Oaks

---

[2] Fifth Circuit Pattern Jury Instruction 2.93 (5th Cir. 2015).

Medical Clinics/AC Medical Clinic. Broussard worked as ~~a manager~~ an employee of the clinics, and his duties included managing the parking lots during the clinics' operational hours. In managing the parking lots, Broussard regularly spoke to the drivers that brought patients to the clinic ("drivers" are individuals who brought people posing as patients to medical clinics in order to obtain by fraud prescriptions for controlled substances). He organized the traffic and flow of patients into the clinic. Broussard managed the security guards employed at RBFMC, and held meetings with clinic staff, security guards, and drivers. Broussard instructed medical assistants and office staff to determine which complicit pharmacies were available to take their faxed prescriptions each day, after which Broussard informed the drivers. Broussard also dealt with patient issues, for example, when a patient would get upset about not getting the prescription they were seeking (the right dosage or amount of hydrocodone or Xanax), he would either take those patients to another practitioner, or replace them with another patient. Broussard was paid a salary by James and Ware.

2. Broussard admits that he knew the drivers were not bringing legitimate medical patients to the clinic, and that the clinics he worked at and the doctors were illegally administering scheduled and non-scheduled controlled substances. Broussard admits that the clinics he worked at were "pill mills" owned and operated by John Christopher ware and/or Stanley James. Broussard admits that he knew they were "pill mills" despite efforts by Ware and James to make the operations look legitimate. During this time, Broussard facilitated the receipt and distribution of Hydrocodone, a Schedule II controlled substance.

Factual Resume—Page 3

3. A "pill mill" is a facility that appears to be a medical clinic but in reality distributes large quantities of scheduled and non-scheduled controlled substance, such as hydrocodone, to the public without regard for medical necessity or therapeutic benefit to the patient. Despite employment of licensed medical practitioners, a "pill mill" does not operate as a legitimate medical clinic because the controlled substance prescriptions hat are issued are done so with the knowledge that they are not for a legitimate medical purpose in the usual course of professional practice.

4. Broussard admits that he conspired to possess with the intent to distribute hydrocodone. Broussard admits that from on or beginning at least as early as September 2013, the exact date being unknown, and continuing through on or about October 8, 2015, he aided and abetted others in obtaining hydrocodone issued without a legitimate medical purpose for the purpose of distribution.

(nothing further on this page)

5. The defendant agrees that the defendant committed all the essential elements of the offense(s). This factual resume is not intended to be a complete accounting of all the facts and events related to the offense charged in this case. The limited purpose of this statement of facts is to demonstrate that a factual basis exists to support the defendant's guilty plea to Count(s) One of the indictment.

AGREED TO AND STIPULATED on this 9TH day of August, 2017.

JOHN R. PARKER
UNITED STATES ATTORNEY

_____
DONALD RAY BROUSSARD
Defendant

_____
MYRIA BOEHM
Assistant United States Attorney
24069949 State Bar No.
1100 Commerce Street, Third Floor
Dallas, Texas 75242
Tel: 214-659-8600
Fax: 214-659-8812
Email: myria.boehm@usdoj.gov

_____
JEFFREY GRASS
Attorney for Defendant